## 𝔖𝔱𝔞𝔲𝔫𝔱𝔬𝔫.

### DAVIS AND OTHERS V. BOSTIC AND OTHERS.

September 17, 1919.

Absent, Kelly, J.

1. EJECTMENT—*Equitable Title of Plaintiffs.*—In an action of ejectment to recover the coal under a certain tract of land, plaintiffs claimed title under a deed dated June 10, 1880. At that time the grantors had no legal title to the land and the record did not disclose that they or either of them had equitable title thereto. Nearly eight years after this deed the grantors acquired the legal title to the land, and the same day conveyed the land to defendants' predecessor in title by deed with covenants of general warranty. In this deed, following the description of the land, this language occurs: "On this survey a coal bank, timber room and some privileges was sold to" plaintiffs, "all of which is understood by the parties." No title paper was introduced which operated a severance of the surface from the underlying coal or invests the plaintiffs with the legal title thereto.

    *Held:* That the plaintiffs were not entitled to recover.

2. EJECTMENT—*Title of Plaintiff.*—Generally, a plaintiff in ejectment must recover solely on the strength of his own title, and not on the weakness of that of his adversary, and this title of the plaintiff must be a legal title. There can be no recovery except in special instances, unless the evidence shows that at the time the action was brought the plaintiff was the owner of the legal title.

Error to a judgment of the Circuit Court of Russell county in an action of ejectment. Judgment for defendants. Plaintiffs assign error.

*Affirmed.*

The opinion states the case.

*Finney & Wilson,* for the plaintiffs in error.

*W. W. Bird & A. G. Lively* and *A. T. Griffith,* for the defendants in error.

WHITTLE, P., delivered the opinion of the court.

Plaintiffs in error brought ejectment against defendants in error to recover the coal under fifty-nine acres of land in Russell county. There was a verdict and judgment for defendants, to which judgment this writ of error was awarded.

[1, 2] The plaintiffs claim title to the coal in controversy under a deed from Meshack Vancill and wife to Thomas J. Davis and William R. Davis, dated June 10, 1880. At that time neither of the grantors had the legal title to the land, and the record does not disclose that they or either of them owned the equitable title or had any claim thereto. On February 22, 1888, nearly eight years after the date of the first-named deed, Meshack Vancill acquired the legal title to the land by deed from George Warder; and on the same day Vancill and wife conveyed the land to James B. Call by deed with covenants of general warranty. In this deed, following the description of the fifty-nine acres thereby conveyed, this language occurs: "On this survey a coal bank, timber room and some privileges was sold to Thomas J. Davis and William R. Davis, all of which is understood by the parties." By deed of October 7, 1895, James B. Call conveyed the land with general warranty to Electra C. Call, his wife, the deed making no reference to any coal or other privileges sold to the devises. And by deed of July 13, 1907, Electra C. Call and her husband conveyed the same land with special warranty to defendants in error, who are the defendants in the action of ejectment. The defendants purchased the land two years prior to receiving a conveyance under a title bond, and have had continuous and exclusive adverse possession of the land under actual enclosure hitherto.

In Burks' Pl. & Pr., pp. 195-6, the general rule that in ejectment the basis of plaintiff's right to recover depends upon his own *legal title*, is stated as follows: "Generally, a plaintiff in ejectment must recover solely on the strength of his own title, and not on the weakness of that of his adversary, and this title of the plaintiff must be a legal title. * * * There can be no recovery except in special instances (none of which are present in this case), unless the evidence shows that at the time the action was brought the plaintiff was the owner of the legal title." This fundamental principle is too well settled to call for the citation of additional authority to sustain or illustrate it.

No title paper has been introduced which operates a severance of the surface from the underlying coal or invests the plaintiffs with the legal title thereto. In these circumstances, it is unnecessary to notice in detail the assignments of error, since in no view of the case are the plaintiffs entitled to recover.

The judgment of the circuit court is plainly right and must be affirmed.

*Affirmed.*